IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JONTAE ARON AUSTIN-FISCHIETTIE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLASSMAN, WYATT, TUTTLE & COX, )<br>P.C., Law Firm, Official and Individually, et )<br>al., )<br>)<br>Defendants. ) | No. 2:24-cv-02851-TLP-tmp<br><br>JURY DEMAND |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Glassman, Wyatt, Tuttle & Cox, P.C.; Richard Glassman; James F. Horner, Jr.; Econo Auto Painting of West Tennessee, Inc., d/b/a Econo Auto Painting & Body Works ("Econo Auto"); and David Farmer (collectively "Defendants") moved to dismiss this action ("Motion to Dismiss"). (ECF No. 14.) Pro se plaintiff Jontae Aron Austin-Fischiettie ("Plaintiff") responded in opposition. (ECF No. 16.) Plaintiff then moved to amend his Complaint ("Motion to Amend"). (ECF No. 17.) And Defendants responded in opposition. (ECF No. 19.)

Under Administrative Order 2013-05, the Court referred this case to Chief Magistrate Judge Tu M. Pham ("Judge Pham") for management of all pretrial matters. Judge Pham reviewed the motions and entered a Report and Recommendation ("R&R") recommending that the Court grant Defendants' Motion to Dismiss and deny Plaintiff's Motion to Amend. (ECF No. 20 at PageID 315.)

Neither side objected to Judge Pham's R&R. For the reasons below, the Court agrees with Judge Pham's analysis and therefore **ADOPTS** the R&R. As a result, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiff's Motion to Amend.

## BACKGROUND

### I. Procedural History

In November 2024, Plaintiff sued Glassman, Wyatt, Tuttle & Cox, P.C.; Richard Glassman; James F. Horner, Jr.; Shelby County, Tennessee; Econo Auto; and David Farmer. (ECF No. 2 at PageID 2.) A few weeks later, he amended his Complaint, removing Shelby County as a defendant. (ECF Nos. 2, 10.) Shortly after, the remaining Defendants moved to dismiss the case. In the Motion to Dismiss, Defendants argue that Plaintiff has failed to state a claim, that the Court should abstain from deciding this case under the Rooker-Feldman doctrine, and that the Court should bar all claims under the litigation privilege. (ECF No. 14.)

Plaintiff responded in opposition to the Motion to Dismiss, and Defendants replied. (ECF Nos. 16, 18.) A few days later, Plaintiff sought leave of Court to amend his Complaint again. (ECF No. 17.) Plaintiff attached his proposed amendments, which removed some of his claims and clarified his membership in a protected class. (*Id.*) Defendants responded in opposition to Plaintiff's Motion to Amend. (ECF No. 19.) The Court next considers Defendants' Motion to Dismiss, Plaintiff's Motion to Amend, and Judge Pham's R&R on those Motions.

The Court will first summarize the facts. These facts come from Plaintiff's Amended Complaint and the state court record.[1]

---

[1] Plaintiff attached his state court lawsuit to his initial Complaint, and he incorporated that exhibit into his Amended Complaint by reference. (*See* ECF Nos. 2-1, 10.)

## II.     Factual History

As Judge Pham notes, the allegations in Plaintiff's Amended Complaint stem from litigation involving these same Parties in a case in Shelby County (Tennessee) Circuit Court. Defendants Econo Auto and Farmer, through the law firm Defendant Glassman, Wyatt, Tuttle & Cox, P.C., moved in that state case to compel Plaintiff to mediate in good faith.  (ECF No. 2-1 at PageID 34.)  Shelby County Circuit Judge Damita Dandridge granted the motion.  (*Id.* at PageID 29; ECF No. 10 at PageID 134.)

Plaintiff now sues here alleging that, by filing this motion, Defendants violated his rights.[2]  (ECF No. 10 at PageID 125, 139.)  In particular, he maintains that the motion violated the Equal Protection Clause of the Fourteenth Amendment.  (*Id.*)  Plaintiff also claims Defendants abrogated his rights under the Tennessee State Constitution to a jury trial, to not be disturbed "but by law," and to "general laws."  (*Id.* at PageID 125.)  He also asserts violations of Tennessee Rule of Civil Procedure 31, Tennessee Supreme Court Rules 31 and 31A on mediation, and the ABA Model Rule of Professional Conduct 3.3.  (*Id.* at PageID 125, 130.)  To vindicate these asserted rights and to remedy the "massive unfair and unequal treatments," Plaintiff sues here under 42 U.S.C. § 1983, arguing that attorneys act under "color of law."  (*Id.* at PageID 137.)  And Plaintiff sues under 42 U.S.C. § 1985, claiming that Defendants conspired to violate his rights.  *Id.*

---

[2] Judge Pham correctly points out that, if Plaintiff sues over the order granting the motion to compel, the Court lacks jurisdiction to review the Order under the *Rooker-Feldman* doctrine. Judge Pham did not reach the question of whether challenging the conduct of filing the motion falls within *Rooker-Feldman* and this Court likewise declines to reach that issue.  Judge Pham also did not reach Defendants' argument about litigation privilege, and this Court does not reach this issue either.

## **LEGAL STANDARD**

**I.      Motions to Amend and Dismiss**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2).  But a court need not grant leave to amend where amendment would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  "A motion to amend is futile 'where a proposed amendment would not survive a motion to dismiss.'" *Banerjee v. Univ. of Tennessee*, 820 F. App'x 322, 329 (6th Cir. 2020) (quoting *Thiokol Corp v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993).

When evaluating a 12(b)(6) motion to dismiss, courts apply the standard of Federal Rules of Civil Procedure 8 and 12(b)(6) as construed by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," thus giving the defendant "fair notice of what the claim is." *Twombly*, 550 U.S. at 555 (citation omitted).  While Rule 8(a)(2) does not require one to provide detailed allegations, the "fair notice" requirement means that the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of a cause of action's elements." *Id.*  Simply, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In evaluating claims, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022), *cert. denied*, 143 S.Ct. 444 (2022) (citation omitted).  But the court need not accept "legal conclusions or unwarranted

factual inferences." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (quoting *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017)). As "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not satisfy Rule 8, the plaintiff must present "direct or inferential allegations respecting all the material elements under some viable legal theory." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019) (quoting *Commercial Money Ctr v. Ill. Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007)).

Lastly, when reviewing a motion to dismiss, the ruling court generally restricts its review to the face of the complaint. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022). Still, in reviewing a motion to dismiss, "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 410 (6th Cir. 2024).

## II.   Pro Se Litigants

Courts must "liberally construe[]" pleadings filed by pro se plaintiffs and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But this "lenient treatment… has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). To avoid dismissal, pro se plaintiffs must still plead enough "*factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). District courts are not "required to create" a pro se plaintiff's claim for him. *Payne v. Sec'y of the Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

**III.     Adoption of the R&R**

A magistrate judge may submit proposed findings of fact and recommendations to a district court judge for the determination of certain pretrial matters, including dismissal of an action for failure to state a claim.  28 U.S.C. § 636(b)(1)(A)-(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If neither party objects, then a district court reviews a report and recommendation for clear error.  Fed. R. Civ. P. 72(b) advisory committee's notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Judge Pham entered his R&R on February 6, 2025, and neither party has objected.  The Court therefore reviews the R&R for clear error.

## ANALYSIS

Having reviewed the record here, the Court finds no clear error.  In fact, the Court agrees with Judge Pham's analysis and conclusions in the R&R.  The Court therefore **ADOPTS** the R&R.

**I.     Motion to Dismiss**

  **A.     § 1983 Claim**

Judge Pham's R&R correctly finds that Plaintiff failed to state a claim under 42 U.S.C. § 1983.  (ECF No. 20 at PageID 325.)  To state a § 1983 claim, the plaintiff must allege "1) the deprivation of a right secured by the Constitution of the United States and 2) the deprivation was caused by a person acting under color of state law."  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th

Cir. 2003) (citing *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).  Judge Pham found that Plaintiff has not adequately alleged either element.  This Court agrees.

To begin, as Judge Pham explains, Defendants here are not state actors.   Indeed, Defendants include a private corporation, a private citizen, private lawyers, and a private law firm.   And despite being officers of the court, attorneys representing private clients are not state actors.  *See Stark v. City of Memphis*, No. 2:19-cv-2396-JTF-tmo, 2020 WL 8768949, at *5 (W.D. Tenn. Feb 13, 2020), *report and recommendation adopted*, 2021 WL 597880 (W.D. Tenn. Feb. 16, 2021).  Plaintiff also failed to plead adequately the deprivation of a right.  Plaintiff tries to assert that Defendants violated the Equal Protection clause of the Fourteenth Amendment. (*See* ECF No. 10 at PageID 141.)  But as Judge Pham observes, Plaintiff's allegations here are conclusory.  As neither element of § 1983 is alleged, Judge Pham correctly concluded that this claim should be dismissed.

    **B.**    **§ 1985 Claim**

Judge Pham also recommends that the Court dismiss the § 1985 claim.  As Judge Pham stated in the R&R, to state a conspiracy claim under this statute, a plaintiff must allege "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws[,] and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen."  *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996). Plaintiff fails to allege these elements.  As Judge Pham correctly notes, Plaintiff's allegations related to this claim are conclusory.  The Court therefore agrees with Judge Pham that the § 1985 claim should be dismissed.

### C. State Law and ABA Model Rule Claims

Finally, Judge Pham addresses Plaintiff's claims that Defendants violated the Tennessee Constitution, Tennessee Rules of Civil Procedure, and the ABA Model Rules. And Judge Pham correctly concludes that these claims fail. As Judge Pham explains, violations of a right provided in the Tennessee Constitution are "not cognizable under § 1983." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005). Also "Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) (citation omitted). Likewise, there is no cause of action under the Tennessee Rules of Civil Procedure, the Tennessee Supreme Court Rules, or the ABA Model Rules. (ECF No. 20 at PageID 328); *see, e.g.*, *LeBlanc v. Kalamazoo Police Dep't*, No. 1:18-cv-487, 2018 WL 3197433, at *13 (W.D. Mich. June 29, 2018) (explaining how the model rules do not give a private cause of action). So the Court agrees with Judge Pham's recommendation that these claims should also be dismissed.

## II. Motion to Amend

Under Fed. R. Civ. P. 15(a)(2), Plaintiff must obtain leave of the Court to amend his Complaint. While courts should "freely give leave [to amend] when justice so requires," they need not give leave where an amended complaint is doomed to dismissal. *Crawford*, 53 F.3d at 753. Judge Pham found that the proposed amendments do not meaningfully alter the allegations or satisfy the elements of the claims, making the amendments futile. Having reviewed the proposed amendments and Judge Pham's recommendation, the Court agrees with Judge Pham and **DENIES** Plaintiff's Motion to Amend.

## **CONCLUSION**

For the reasons above, the Court **ADOPTS** Judge Pham's R&R.  Accordingly, the Court **GRANTS** the Motion to Dismiss, **DENIES** the Motion to Amend, and **DISMISSES** this case **WITH PREJUDICE**.

**SO ORDERED**, this 7th day of August, 2025.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE