**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JONTAE ARON AUSTIN-FISCHIETTIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-02851-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| GLASSMAN, WYATT, TUTTLE, & COX, | ) | |
| P.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT ATTORNEYS'
FEES, DENYING MOTION FOR AWARD OF TAXABLE COSTS AND EXPENSES,
AND REQUIRING PLAINTIFF TO SHOW CAUSE**

Pro se Plaintiff Jontae Aron Austin-Fischiettie sued several Defendants under 42 U.S.C. §§ 1983 and 1985 for violating the United States Constitution and Tennessee State Constitution. (ECF Nos. 2, 10.)  Under Administrative Order No. 2013-05, the Court referred the case to Chief Magistrate Judge Tu M. Pham to manage all pretrial matters.  Defendant moved to dismiss the Amended Complaint.  (ECF No. 14.)  Judge Pham issued a Report and Recommendation ("R&R"), recommending that the Court grant the Motion to Dismiss.  (ECF Nos. 20.)  The Court adopted the R&R and dismissed the Amended Complaint.  (ECF No. 24.)

Defendants then moved for attorneys' fees.  (ECF No. 26.)  Judge Pham issued an R&R, recommending the Court grant Defendants' requested fees.  In his R&R, Judge Pham notified the parties that they had fourteen days to object to the R&R.  No party objected.  Plaintiff filed a Motion for Award of Taxable Costs and Expenses, which is also presently before the Court. (ECF No. 29.)  In Defendants' Response, they request that the Court require Plaintiff to show

cause as to why he should not be sanctioned for frivolously seeking to recover costs. (ECF No. 31 at PageID 592.)

For the reasons below, the Court **ADOPTS** the R&R's recommendation to grant Defendants' request for attorneys' fees. It also **DENIES** Plaintiff's Motion for Taxable Costs and Expenses.

## BACKGROUND AND THE R&R

As this Court recounted in its Order Adopting the first R&R, "the allegations in Plaintiff's Amended Complaint stem from litigation involving these same Parties in a case in Shelby County (Tennessee) Circuit Court." (ECF No. 24 at PageID 379.) Plaintiff sued here because Shelby County Circuit Judge Damita Dandridge granted a motion compelling Plaintiff to mediate in good faith in the state litigation. (*Id.*) This, Plaintiff insisted, violated his constitutional rights. (*Id.*) So he sued under §§ 1983 and 1985. (*Id.*) In adopting Judge Pham's R&R, the Court dismissed Plaintiff's claims because he had sued private entities and his Complaint consisted of conclusory statements. (*Id.* at 382–83.)

After the Court entered Judgment for Defendants and dismissed Plaintiff's claims with prejudice, Defendants moved for attorneys' fees, seeking $26,040. (ECF Nos. 25–26.) Plaintiff responded. (ECF No. 28.) The Court referred the Motion to Judge Pham, who issued an R&R. (ECF Nos. 27, 35.) Plaintiff also moved for an award of taxable costs and expenses, insisting that he is the prevailing party. (ECF No. 29.) Defendants responded. (ECF No. 31.) And Plaintiff replied. (ECF No. 33.)

In Judge Pham's R&R granting attorneys' fees, he notes that, in suits under §§ 1983 and 1985, federal law authorizes the Court to award the prevailing party attorney's fees. (ECF No. 35 at Page ID 635 (*citing* 42 U.S.C. § 1988).) This, he continues, is less common when a

defendant is the prevailing party.  (*Id.*)  "[A] prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  (*Id.* at PageID 636 (quoting *Thomas v. Copeland*, 758 F. App'x 377, 383 (6th Cir. 2018)) (internal quotation marks omitted).)  Judge Pham determined that this standard was met because Plaintiff's §§ 1983 and 1985 claims were plainly deficient at the outset of the case.  (*Id.* at PageID 636–39 (quoting *Smith v. Smythe - Cramer Co.*, 754 F. 2d 180, 183 (6th Cir. 1985)) ("[A] plaintiff should not be assessed his opponent's attorneys fees unless the court finds the claim was groundless at the outset or that the plaintiff continued to litigate after it clearly became so.") (internal quotations omitted).)  Plaintiff sued only private parties and made conclusory allegations, which are obvious defects in his claims.  (*Id.*)  And this Court dismissed the § 1983 claims he had made against private parties in an earlier case in 2019, putting him on notice of the deficiency.  (*Id.*)

Judge Pham also addresses Plaintiff's arguments in his Response to Defendants' Motion. (*Id.* at PageID 639–41.)  He affirms that Defendants are the prevailing party here because Plaintiff's claims were dismissed.  (*Id.* at PageID 639–40.)  He correctly rejects Plaintiff's argument that his recovery from the state litigation giving rise to this case makes Plaintiff the prevailing party here.  (*Id.*)  He also rejects Plaintiff's argument that the *Rooker Feldman* doctrine precludes attorneys' fees because *Rooker Feldman* was not the basis for dismissing Plaintiff's claims.  (*Id.* at PageID 640.)  And he confirms that Defendants' Motion is not time-barred.  (*Id.* at PageID 640–41.)  Lastly, Judge Pham properly rejects many of Plaintiff's frivolous arguments.  (*Id.* at PageID 641.)

In the end, Judge Pham determines that the attorneys' fees requested by Defendants are fair and reasonable. (*Id.* at PageID 641–42.) He reviewed the hours and rates of Defendants' attorneys in reaching his conclusion. (*Id.*)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A)–(B). And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." § 636(b)(1)(C). A party may object to a magistrate judge's proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Because neither party objected, the Court reviews the R&R for clear error.

## ANALYSIS

The Court starts with reviewing the R&R for clear error. It then addresses Plaintiff's Motion for Taxable Costs and Expenses.

## I.      Attorney's Fees

Having reviewed the record, the Court finds no clear error in Judge Pham's R&R. In fact, the Court agrees with his well-reasoned analysis.

Judge Pham is correct that this is one of the rare times where a prevailing defendant may receive attorneys' fees under § 1988. Given Plaintiff's earlier litigation experience and the

4

obvious flaws in his claims, the Court concludes that "plaintiff's action was frivolous, unreasonable, [and] without foundation." *Thomas v. Copeland*, 758 F. App'x 377, 383 (6th Cir. 2018).  Plaintiff sued private parties (again), with no supporting facts, and this Court dismissed his § 1983 claims against private parties before.  The Court also agrees that Plaintiff's responses to the Motion lack merit.  Plaintiff did not prevail here, the *Rooker Feldman* doctrine does not preclude attorneys' fees, and the Motion was timely.  Lastly, the Court finds no clear error in Judge Pham's determination that the requested fees are fair and reasonable.[1]

The Court therefore **ADOPTS** Judge Pham's R&R and **GRANTS** Defendants' Motion for an Award of Attorneys' Fees.

## II.    Taxable Costs and Expenses

Plaintiff moves for an award of taxable costs and expenses.  To secure an award of taxable costs, a party must be the "prevailing party" in the litigation.  Fed. R. Civ. P. 54(d)(1).  As Judge Pham explained in his R&R, with which this Court agrees, Plaintiff is not the prevailing party here.  The Court dismissed all his claims with prejudice, which is, as Defendants note, "about as far away from qualifying as a prevailing party . . . as a party could possibly be." (ECF No. 31 at PageID 590 (internal quotation marks omitted).)  Defendants prevailed here, not Plaintiff.  Plaintiff's insistence that the outcome of the state litigation giving rise to this case makes him the prevailing party here does not change that outcome.  The Court therefore **DENIES** Plaintiff's Motion for Taxable Costs and Expenses. Defendants also request that the Court require Plaintiff to show cause in writing why he has not violated Federal Rule of Civil Procedure 11(b) by filing his frivolous and vexatious Motion for an Award of Taxable Costs and

---

[1] Defendants did not comply with Local Rule 54.1(b)(2), which requires a local attorney who is unrelated to the case to verify the reasonableness of the fee request.  (*See* ECF Nos. 26-6, 26-7, 31-1.)  Plaintiff did not object, so the Court adopts Judge Pham's reasonableness finding.

Expenses. (ECF No. 31 at PageID 592–93;) *see* Fed. R. Civ. P. 11(c). For the reasons stated above, the Court finds good cause to require Plaintiff to show cause why he should not be sanctioned under Rule 11 for frivolously moving for taxable costs and expenses.

## CONCLUSION

The Court thus **ADOPTS** the R&R's recommendation to grant Defendants' attorneys' fees. And the Court **GRANTS** Defendants' Motion for an Award of Attorneys' Fees in the amount of $26,040.00. The Court therefore **ORDERS** Plaintiff to pay $26,040.00 in attorneys' fees under 42 U.S.C. § 1988(b). The Court **DENIES** Plaintiff's Motion for an Award of Taxable Costs and Expenses. The Court further **ORDERS** Plaintiff to show cause in writing on or before close of business on Friday, April 17, 2026, why he has not violated Federal Rule of Civil Procedure 11(b) by filing his Motion for an Award of Taxable Costs and Expenses. *See* Fed. R. Civ. P. 11.

**SO ORDERED**, this 30th day of March, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE